**Michael P. CLARKEN, Plaintiff-Appellant,**

v.

**Penny S. PRITZKER, Secretary of the Department of Commerce \*; United States Census Bureau, Defendants-Appellees.**

**No. 15-16065**

United States Court of Appeals, Ninth Circuit.

Submitted October 25, 2016 \*\*

Filed November 7, 2016

\* Penny S. Pritzker has been substituted for her predecessor, Rebecca M. Blank, as Secretary of the United States Department of Commerce under Fed. R. App. P. 43(c)(2).

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Michael P. Clarken, Pro Se

Jeremy J. Butler, Assistant Attorney General, USTU—Office of the US Attorney, Tucson, AZ, for Defendants–Appellees

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

## MEMORANDUM \*\*\*\*

Michael P. Clarken appeals pro se from the district court's summary judgment in his action alleging employment discrimination under the Rehabilitation Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007), and we affirm.

The district court properly granted summary judgment because Clarken failed to raise a genuine dispute of material fact as to whether defendants' legitimate nondiscriminatory reasons for their actions were pretextual. *See Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1175 (9th Cir. 1998) (applying *McDonnell Douglas* burden shifting to Rehabilitation Act claim); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

The district court did not abuse its discretion by considering defendants' state-

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

ment of facts. *See* L.R. Civ. 56.1(a); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.